IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 1: 24-cr-251-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RONALD KING,
2. VICTOR ROITER,
3. TINA WELLMAN,
4. ADAM SHORR,
5. ROBERT O'SULLIVAN,
6. BRADLEY EDSON, and
7. JOHN GAUTEREAUX

    Defendants.

_____

**UNOPPOSED JOINT MOTION TO DECLARE CASE COMPLEX
AND EXCLUDE TIME**
_____

    Defendant Shorr respectfully requests that the Court declare this case complex for the purposes of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq.*, and continue any pretrial deadlines and trial for an initial period of 120 days and exclude any resulting pretrial delay from calculating deadlines. Counsel for Defendant Shorr has discussed this motion with current counsel for five co-defendants— King, Wellman, O'Sullivan, Edson, and Gautereaux—and all of them join in the requested relief. Defendant Roiter has not yet appeared. Counsel for

Defendant Shorr has conferred with counsel for the United States, and the government joins the motion.

I. **PROCEDURAL HISTORY**

1. The Grand Jury returned the indictment in this matter on August 21, 2024. ECF 1. Defendant Wellman had her initial appearance and arraignment on August 26, 2024. ECF 23. Defendants Shorr, King, O'Sullivan, and Gautereaux had their initial appearances and arraignments on September 3, 2024. ECF 22, 35, 39, 45, and 49.

2. Defendant Edson had his initial appearance and arraignment on September 5, 2024. ECF 62. Pursuant to 18 U.S.C. § 3161(c)(6), "[a]ll defendants who are joined for trial . . . fall within the speedy trial computation of the latest codefendant." *United States v. Margheim*, 770 F.3d 1312, 1318–19 (10th Cir. 2014) (quotation omitted). Defendant Roiter has not yet appeared, and his appearance may ultimately affect the speedy trial calculation under 18 U.S.C. § 3161(c)(6). Assuming for purposes of this motion that Defendant Edson is the latest appearing defendant, his initial appearance began the 70-day speedy trial clock for all defendants under 18 U.S.C. §3161(c)(1) and (c)(6), resulting in a trial clock expiration on or about November 14, 2024. As of today, September 6, 2024, 69 days remain on the speedy trial clock for all defendants.

3. All defendants who have joined in this motion are set for a 5-week trial that is scheduled to commence on November 4, 2024, at 9:00 a.m. ECF 28, 36, 59 60 & 70.

4. The Indictment alleges a wire and healthcare fraud conspiracy against Shorr, King, Roiter and Wellman (count 1), a "kickback" conspiracy against all defendants (count 2), and a money laundering conspiracy against King, Roiter and Wellman (count 3). Counts 1 and 2 allege conspiracies from January 2020 to at least December 2022. Count 3 alleges a conspiracy from January 2020 to December 2021.

5. The government is to disclose its first production of discovery on or before September 20, 2024. ECF 36:9. The government has indicated in an email to counsel for defendant Shorr that more than 480,000 documents will be included in first production, but that production will not include items seized from electronic devices (cellphones and computers).

6. The discovery to be provided by the Government in this case is sufficiently complex and voluminous that it would be unreasonable to expect the parties to adequately prepare for pretrial proceedings or for trial within the time limits established by either the Speedy Trial Act or the Court's ordinary scheduling and discovery orders.

## II.    STANDARDS FOR CONTINUANCES

7. 18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(ii) provides that a factor for the Court to consider in granting this delay is "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. 18 U.S.C. § 3161(h)(7)(B)(ii).

8. 18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(i) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice". An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

9. In evaluating a request for an ends of justice continuance, "the record must clearly establish that the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 572 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See Id.* at 1271.

10. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. See *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See Id.* No single factor is determinative. *See Id.*

### III. ARGUMENT

11. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. The charges in the Indictment include two three-year conspiracies (counts 1

and 2) and one two-year conspiracy (count 3). Counts 1 and 3 carry a statutory maximum of not more than 20 years imprisonment and count 2 carries a statutory maximum of not more than 5 years imprisonment.

12. Defense counsel have yet to receive any discovery, but they anticipate receiving hundreds of thousands of documents in the next three (3) weeks. Counsel for the defendants who have joined in this motion require additional time for review of discovery; conferral with their clients, other defense counsel and government counsel; planning and managing investigations; evaluate materials for potential pretrial motions and draft any necessary motions; consider, research and hire expert witnesses; and anything else required for each defense attorney to provide his or her client with effective assistance of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

13. Defense counsel will continue to be diligent in their efforts, however, effective representation of their clients requires additional time for the reasons stated above. The continuance, if granted, will accomplish the purpose underlying the request, specifically, providing counsel with sufficient time to defend properly against the allegations. Granting the continuance will satisfy the second *West* factor.

14. The requested continuance will not inconvenience the opposing party, as the government has joined this motion, and the relief requested herein. Undersigned counsel does not presume to know the entirety of the Court's schedule

but does not believe a continuance will inconvenience the Court. As such, the third *West* factor is satisfied. The need for a continuance is great. The defendants are charged with serious offenses and face potential significant punishment. Maintaining the current time limits will result in counsel being unable to effectively meet and confer with the defendants, review discovery, evaluate the needs for necessary prepare the case. Accordingly, the fourth *West* Factor is met.

## IV. CONCLUSION

15. Accordingly, Defendant Shorr, joined by Defendants King, Wellman, O'Sullivan, Edson, and Gautereaux – and the government, requests that the Court declare the case complex within the meaning of 18.U.S.C. §3161(h)(7)(B)(ii) and continue any pretrial and trial deadlines for an initial period of 120 days and exclude any resulting period of delay.

                                                Respectfully submitted,

                                                */s/ Steven H. Sadow*
                                                STEVEN H. SADOW
                                                Attorney for Defendant Shorr
                                                Georgia Bar No. 622075

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
404-577-1400
stevesadow@gmail.com

**CERTIFICATE OF SERVICE AND COMPLIANCE**

The undersigned attorney hereby certifies that the foregoing document was prepared using Times New Roman 14-point font and was filed with the Clerk using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record

This 6th day of September.

<pre>                              /s/ Steven H. Sadow
                              STEVEN H. SADOW</pre>